JOAO VERTENTES *vs.* THE BARLETTA COMPANY, INC.

Suffolk.   December 13, 1982. — August 3, 1983.

Present:  HALE, C.J., CUTTER, & SMITH, JJ.

*Negligence,* Construction work, Toward employee of independent contractor, Dangerous work.

In a negligence action against the general contractor on a highway rebuilding project for injuries sustained by an employee of one of its subcontractors when struck by a truck while removing traffic marker barrels which a subcontractor had incorrectly placed, the general contractor was not vicariously liable for the negligence of its subcontractor in placing the markers, on the theory that the work delegated to the subcontractors constituted inherently dangerous activity.  [465-469]

A finding that the injuries sustained by an employee of a subcontractor on a highway rebuilding project were caused by the negligence of the general contractor in failing to supervise adequately the placement of traffic marker barrels on the highway was not warranted where, although evidence showed the general contractor retained ultimate authority and responsibility for ascertaining that proper safety procedures were followed, there was no evidence that the general contractor had failed to undertake periodic inspections on the day of the accident or was on actual notice of the misplacement of the barrels, and no evidence about the length of time the barrels had been on the highway, which might have provided a basis for a finding that it had constructive notice of the hazard.  [470-471]

CIVIL ACTION commenced in the Superior Court on May 12, 1976.

The case was tried before *Fine,* J.

*William L. Patton (Steven A. Kaufman* with him) for the defendant.

*Scott E. Charnas* for the plaintiff.

SMITH, J.  The plaintiff suffered serious injuries when struck by a motor vehicle in the course of his employment as a construction worker on a highway rebuilding project. After receiving workers' compensation benefits from his employer,

a subcontractor, he brought this action in tort against The Barletta Company, Inc. (Barletta), the general contractor on the project. A jury returned a verdict in favor of the plaintiff and assessed damages in the amount of $900,000.[1] After judgment entered on the verdict, the defendant moved for judgment notwithstanding the verdict or for a new trial, see Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974),[2] on the following grounds: (1) there was no evidence upon which the defendant could be held to be either directly or vicariously liable to the plaintiff, (2) the judge erred when she instructed the jury that as matter of law the work that the plaintiff's employer was engaged in, i.e., highway construction on a high speed highway, was inherently dangerous, and (3) the plaintiff's receipt of workers' compensation benefits barred recovery from the defendant. The motion was denied and the defendant appealed.

There was evidence from which the jury could find the following facts. On July 11, 1974, Barletta entered into a contract with the Department of Public Works (Department) to reconstruct a ten-mile length of Route 24 between Brockton and Bridgewater. The contract stated that Route 24 was a major high speed, high volume thoroughfare. Barletta subcontracted portions of the work to several independent contractors, including Richard F. Lyons, Inc. (Lyons). The plaintiff was employed by Lyons as a laborer on the project. One of the plaintiff's responsibilities was the placement and removal of orange marker barrels of the type used to redirect traffic past highway construction sites. Each subcontractor on the job had employees whose responsibilities included the placement and removal of traffic barrels.

On the afternoon of September 26, 1974, the plaintiff was riding in a truck as a passenger, with his foreman as driver,

---

[1] The jury, in response to special questions, found both the plaintiff and Barletta negligent, but attributed ten percent of that negligence to the plaintiff and ninety percent to Barletta.

[2] At trial, the defendant had moved for a directed verdict at the close of the plaintiff's case and at the close of all the evidence.

travelling southbound on the median strip that divided the northbound and southbound portions of the highway. The foreman observed several isolated traffic barrels on or near the white lines separating the passing lanes from the travel lanes on the southbound portion of the highway. Those barrels had not been placed in accordance with Department regulations. When the foreman saw the barrels, he realized that they had to be moved. He stopped the truck at the northernmost barrel, and the plaintiff began to remove the barrels from the highway onto the median strip. This process was repeated several times until the plaintiff was struck by a truck, driven by a person not connected with the project, which had come around a curve and was proceeding up a gradual incline in the highway. Three subcontractors of Barletta were working in the vicinity of the accident on the day in question but there was no direct evidence concerning which one had incorrectly placed the barrels in the roadway. The contract between Barletta and the Department incorporated the Department's regulations which required Barletta to inspect the placement of the traffic control barrels set out by its subcontractors. After the accident, in addition to workers' compensation benefits, the plaintiff received a settlement, prior to trial, from the driver of the truck that struck him.

1. *Vicarious liability by virtue of inherently dangerous activity.* Based on the foregoing evidence, the plaintiff contends that Barletta was vicariously liable for the negligence of one of its subcontractors in misplacing the marker barrels, on the ground that the subcontractors were engaged in inherently dangerous activity. For its part, Barletta argues that it was error to deny its motion for judgment notwithstanding the verdict because the plaintiff was an employee of a subcontractor and not a member of the general public and that therefore Barletta could not, as matter of law, be held to be vicariously liable for any harm suffered by the plaintiff as a result of the negligence of any of Barletta's subcontractors.

In general, it has been held that "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Restatement (Second) of Torts § 409 (1966). *Herrick* v. *Springfield*, 288 Mass. 212, 216 (1934). *Whalen* v. *Shivek*, 326 Mass. 142, 150 (1950). There are numerous exceptions to this general rule.[3] The exception material to this case imposes liability where the nature and circumstances of the work to be performed are such that injury to others will probably result unless precautions are taken. In such a circumstance the employer of the independent contractor may be found answerable for the failure of the contractor to take such precautions. *Ibid.* Restatement (Second) of Torts § 416. It has been stated with respect to this exception that "the work of the independent contractor for which the employer is held liable on this principle must be inherently or intrinsically dangerous." *Whalen* v. *Shivek, supra.* Restatement (Second) of Torts § 427.[4] Several cases in Massachusetts have discussed the exception but they are not helpful here because the decisions involved injuries to members

---

[3] The Restatement (Second) of Torts contains twenty sections (§§ 410-429) devoted to the exceptions. One distinguished commentator has noted that the number of exceptions "is sufficient to cast doubt upon the validity of the rule." Prosser, Torts 468 (4th ed. 1971). See also *Whalen* v. *Shivek, supra* at 150, which states that "it has been said with some plausibility that the general rule is 'now primarily important as a preamble to the catalog of its exceptions.'"

[4] Inherently dangerous work has been described as work which necessarily creates, during its progress, conditions containing an unreasonable risk of bodily harm to others unless special precautions are taken. *Ducey* v. *Springfield Co-op. Bank,* 341 Mass. 449, 450 (1960). The defendant correctly argues that it was reversible error for the judge to instruct the jury that the plaintiff's employment was, as matter of law, inherently dangerous. That determination was properly a question of fact for the jury. See *Schultz & Lindsay Constr. Co.* v. *Erickson,* 352 F.2d 425, 436 (8th Cir. 1965); *Wright* v. *Tudor City Twelfth Unit, Inc.,* 276 N.Y. 303, 307-308 (1938). Cf. *McConnon* v. *Charles H. Hodgate Co.,* 282 Mass. 584, 586-587, 589 (1933); *Whalen* v. *Shivek,* 326 Mass. at 150-152. We forgo reversing the judgment on this limited ground because we prefer to rest our decision on a broader principle, and for the sake of our discussion we treat the plaintiff's employment as an inherently dangerous activity.

of the general public and not to employees of independent contractors. See, e.g., *Woodman* v. *Metropolitan R.R.,* 149 Mass. 335, 339-340 (1889); *McGinley* v. *Edison Elec. Illuminating Co.,* 248 Mass. 583 (1924); *McConnon* v. *Charles H. Hodgate Co.,* 282 Mass. 584, 585, 587-588 (1933); *Herrick* v. *Springfield,* 288 Mass. at 216; *Ducey* v. *Springfield Co-op. Bank,* 341 Mass. 449, 449-450 (1960).[5]

The question presented by this case — whether the duty of care owed by the employer of the independent contractor who is performing inherently dangerous work, such as on a public highway, extends to employees of the independent contractor — has not been decided in Massachusetts. There is a marked split of authority on this point throughout the country. Several States have held that the vicarious liability doctrine as applicable to inherently dangerous activity does extend to employees of independent contractors. *Van Arsdale* v. *Hollinger,* 68 Cal.2d 245, 254-255 (1968). *Giarratano* v. *Weitz Co.,* 259 Iowa 1292, 1306-1308 (1967). *Mallory* v. *Louisiana Pure Ice & Supply Co.,* 320 Mo. 95, 112-117 (1928). *International Harvester Co.* v. *Sartain,* 32 Tenn. App. 425, 456-457 (1948). Other courts have limited the reach of the doctrine to members of the general public. *Florida Power & Light Co.* v. *Price,* 170 So.2d 293, 298 (Fla. 1964). *Hader* v. *Coplay Cement Mfg. Co.,* 410 Pa. 139, 151 (1963). *Humphreys* v. *Texas Power & Light Co.,* 427 S.W.2d 324, 330-331 (Tex. Civ. App. 1968). *Epperly* v. *Seattle,* 65 Wash.2d 777, 781-784 (1965).[6]

---

[5] In addition, *Poirier* v. *Plymouth,* 374 Mass. 206 (1978), and *Lawler* v. *General Elec. Co.,* 1 Mass. App. Ct. 220 (1973), are not relevant. In those cases, employees of independent contractors, hired by the defendants to perform work on the defendants' premises, brought actions against the defendants claiming that they owed the plaintiff-employees the duty to disclose hidden defects. The "vicarious liability" doctrine was not at issue in those cases.

[6] The Restatement (Second) of Torts has not taken sides in the controversy. All of the illustrations set out in §§ 410-429 which discuss the exceptions (see note 3, *supra*) refer only to the liability of those whose contract with an independent contractor for injuries to members of the general public. A Special Note in Tentative Draft No. 7, at 17-18 (1962) of the Restatement would have expressly excluded the employees of inde-

We have chosen to follow the latter view and hold that, in the circumstances of this case, an employer of an independent contractor cannot be held to answer for an injury to the employees of the independent contractor, occasioned by the negligence of that contractor or other independent contractors, solely on the basis that the work so delegated poses an inherent danger. Our result rests upon the rationale behind the development of the concept of vicarious liability for inherently dangerous work. That doctrine grew out of the basic premise that a landowner who requests the performance of work which is of such a nature that members of the general public will probably be injured unless special precautions are taken should not be allowed to evade liability through the device of a contract with an independent contractor. *Davis* v. *John L. Whiting & Son*, 201 Mass. 91, 93 (1909). See also *Woodman* v. *Metropolitan R.R.*, 149 Mass. at 340; *Quinn* v. *Crimmings*, 171 Mass. 255, 256 (1898). By contrast, Barletta was acting as a general contractor on a highway project and the plaintiff was not a member of the general public, but one who, the record shows, was well acquainted with the risks of his workplace.[7] Therefore, to impose liability on the general contractor in this situation would represent a substantial departure from

pendent contractors from recovery under all exceptions to the general rule. The Special Note was not included in the Restatement (Second). In *Hagberg* v. *Sioux Falls*, 281 F. Supp. 460, 466-468 (D.S.D. 1968), the court held that those who hire an independent contractor are liable to employees of that contractor where the work contracted for is intrinsically dangerous. In its decision the court stated that it considered significant that the Special Note was not included in the final publication of the Restatement. *Id.* at 468 n.7. We do not find any significance in the omission. See *Sloan* v. *Atlantic Richfield Co.*, 552 P.2d 157, 160 (Alaska 1976).

[7] In the past, our courts have considered the distinction between the duty owed to members of the public and that owed to employees of an independent contractor to be significant. See *Burr* v. *Massachusetts Elec. Co.*, 356 Mass. 144, 147 (1969); *Poirier* v. *Plymouth*, 374 Mass. 206, 226-227 (1978); *Lawler* v. *General Elec. Co.*, 1 Mass. App. Ct. 220, 222 (1973). Members of the public cannot reasonably be expected to perceive the risks flowing from inherently dangerous work and, therefore, cannot protect themselves from the consequences of such risks. Employees engaged in such activity, however, may stand in a different position.

the concerns recognized by the Supreme Judicial Court as justifying the doctrine of vicarious liability for inherently dangerous work.

In reaching our decision, we have considered the availability of workers' compensation benefits. Persons like the plaintiff who are injured on the job are not left without compensation. If, however, we permit recovery against Barletta on the basis of vicarious liability, not only would the plaintiff be able to collect more than an injured employee of Barletta, but also we would provoke a variety of consequences that could create an imbalance in the allocation of risks intended by the Legislature in enacting the comprehensive workers' compensation statutes. See *Squillante's Case*, 389 Mass. 396, 398 (1983). The courts must be especially chary of so tinkering with the worker's compensation system. *Ibid.* Were liability to be imposed in a case such as this, those employing independent contractors to perform inherently dangerous work might consider it prudent to demand indemnity from those contractors for the cost of any recovery obtained by the contractors' employees, thereby exposing independent contractors to potential expense far greater than that of other employers covered by the worker's compensation statutes. See *Anderson* v. *Chancellor Western Oil Dev. Corp.*, 53 Cal.App.3d 235, 242 n.2 (1975). Conversely, without a right to indemnity, a disproportionately heavy burden would fall upon those employers engaged in hazardous work who must rely on the services and expertise of independent contractors to perform such work. *Ibid.* See also *Vagle* v. *Pickands Mather & Co.*, 611 F.2d 1212, 1218 (8th Cir. 1979). We consider such a result particularly inappropriate where, as here, the project was for the benefit of the general public.[8]

---

[8] The plaintiff contends that Barletta was vicariously liable for his injuries on a second theory. According to the Restatement of Torts (Second) § 424 (1966), "One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him

2. *Direct liability of Barletta.*  As an alternative basis for the jury's verdict, the plaintiff claims that Barletta was liable to him by virtue of its own negligence.  He does not contend that any employee of Barletta placed the barrels improperly in the roadway.  Rather, the plaintiff argues that there was sufficient evidence before the jury that Barletta was independently negligent in failing to supervise adequately the placement of the traffic barrels.  Barletta contends that there was insufficient evidence to withstand its motion for judgment notwithstanding the verdict.

Viewed in the light most favorable to the plaintiff (*H.P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 71 [1976]; *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 326 [1982]), the evidence showed that the plaintiff was injured while attempting to remove traffic barrels that were improperly placed in the roadway.  The evidence further indicated that, while each of the subcontractors was obligated to observe safety regulations and was responsible for the placement of warning apparatus and traffic barrels in the vicinity of its operations, Barletta retained ultimate authority and responsibility for patrolling the entire construction zone to ascertain that proper procedures were followed and to correct any observed safety deficiencies.  On the basis of that evidence, the plaintiff argues that the jury could infer that Barletta negligently had failed to discover and correct the dangerous condition posed by the misplaced barrels.  We cannot agree.

The record contains no evidence as to which of the several subcontractors operating in the vicinity of the accident site misplaced the traffic barrels.  There was also no evidence that Barletta had failed to undertake periodic inspections of

---

to provide such safeguards or precautions." See also *Boucher* v. *New York, N.H. & H.R.R.*, 196 Mass. 355, 359 (1907) (negligent operation of crossing gates by independent contractor imputed to employer, in part because of duty prescribed by statute to maintain grade crossing gates). But while the plaintiff requested instructions on this issue the judge did not so instruct the jury, and therefore its verdict could not have been premised upon this theory of vicarious liability.  Because the plaintiff did not object to the omission of the requested instructions, the judge's failure to give such instructions is not before us.

the area on the day of the accident or was on actual notice of the misplacement of the barrels. There was no evidence about the length of time that the barrels had been present on the highway and consequently, no basis for a finding that Barletta was on constructive notice of any hazard.

Therefore, any verdict based upon a finding that the cause of the plaintiff's injuries was the negligence of Barletta in failing properly to supervise the safety procedures undertaken by its subcontractors would "rest[ ] in surmise and conjecture." *Currie* v. *Lee Equip. Corp.*, 362 Mass. 765, 768 (1973), and cases cited.

Because of our holding, we need not address the defendant's third contention of error. The defendant's motion for judgment notwithstanding the verdict should have been granted. The judgment is reversed and the case remanded to the Superior Court for the entry of a judgment in favor of the defendant.

*So ordered.*