LUCY A. SANTELLA *vs.* DOUGLAS P. WHYNOTT & another.[1]

No. 87-1306.

Middlesex.   October 19, 1988. — June 8, 1989.

Present: PERRETTA, KAPLAN, & FINE, JJ.

*Negligence*, Construction work, Independent contractor, Dangerous work. *Practice, Civil*, Summary judgment.

In an action alleging negligence as the cause of injuries sustained when the plaintiff fell on the sidewalk abutting the defendants' building, the exterior of which was undergoing repair work by an independent contractor hired by the defendants, allowance of the defendants' motion for summary judgment, apparently on the basis that, as matter of law, the defendants could not be held vicariously liable for the negligence of their independent contractor, was error, where the question whether the defendants were liable to the plaintiff for her injuries turned upon disputed factual issues regarding the independent contractor's negligence and the defendants' vicarious liability for such negligence. [453-454]

CIVIL ACTION commenced in the Superior Court Department on March 15, 1982.

A motion for summary judgment was heard by *Andrew Gill Meyer*, J.

*Michael B. Bogdanow* (*Cynthia J. Cohen* with him) for the plaintiff.

*Anna K. C. Bennett* for the defendants.

PERRETTA, J. Sustaining serious injury when he fell on the sidewalk abutting the defendants' building, the plaintiff brought this action in negligence in the Superior Court. The defendants moved for summary judgment on the basis that, if the plaintiff's fall was caused by negligence, any such negligence was attributable to their independent contractor, over whom they had

---

[1] Nancy G. Whynott. The Whynotts have been named individually and as trustees of the Ampach Realty Trust.

no control. The judge allowed the motion; judgment was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), and the plaintiff appealed.[2] Although the judge gave no reason for his ruling, we think it clear from the memoranda of law submitted to him and included in the record appendix before us that he did so on the basis that, as matter of law, the defendants could not be held vicariously liable for the negligence of their independent contractor. We conclude that the issue of the defendants' vicarious liability raises questions of fact for the jury and reverse.

I. *The Negligence.*

If the pleadings, affidavits, answers to interrogatories, depositions, and exhibits do not demonstrate a genuine issue of material fact concerning the claimed negligence of the independent contractor, DiCenzo Bros. Construction Corp. (DiCenzo), then the issue of the defendants' vicarious liability is immaterial. We, therefore, relate the facts pertaining to DiCenzo's negligence as they appear in the various documents that were before the judge when he ruled on the motion.

Sometime prior to June, 1981, the defendants entered into a contract with DiCenzo for repair work on the exterior of their two-story stone building. There was a bakery shop on the ground level of the building and offices on the upper level. The repair work included chiseling cement from the wall surface to repoint joints, recaulking and painting windows, and painting the stone facade with a cement-colored paint. Scaffolding was erected along the wall where work was being performed. One of the purposes of the scaffolding was to protect the public. Another safety practice imposed by DiCenzo was the requirement that the last worker to leave the job site for the day had the chore of sweeping any and all debris from the sidewalk abutting the building.

At about 5:30 P.M., on June 24, 1981, the plaintiff fell on the sidewalk as she was walking towards the building to enter the bakery shop. The plaintiff described her fall at her depo-

---

[2] There are remaining claims against the independent contractor and the city of Everett.

sition: "I . . . walked over . . . here, and my right foot got caught in this hole. That was to the right of the door to . . . [the bakery], and I tried to get my foot out of the hole and not realizing at the time until I looked down that there was all sand on the sidewalk here and I couldn't make any traction here to get my foot out of the hole here . . . . [I]f the sand was not there, then I could have moved this foot, the left foot over to get myself straightened up to get my foot out of this hole."

According to the deposition testimony of DiCenzo's treasurer, his work crew was "off the premises by 3:30 [P.M.]." When DiCenzo's president was asked to describe the condition of the sidewalk at the time the repairs on the building were commenced, he answered that "[i]t wasn't a new sidewalk" and that it had "cracks" or a "depression" in it.

Keeping in mind that "summary judgment is rarely granted on the merits of a negligence action because of the jury's 'unique competence in applying the reasonable man standard to a given fact situation,'" *Foley* v. *Matulewicz*, 17 Mass. App. Ct. 1004, 1005 (1984), quoting from 10A Wright & Miller, Federal Practice and Procedure § 2729, at 194 (2d ed. 1983), we conclude that the question of DiCenzo's negligence presents a genuine issue of fact. See *Golub* v. *Milpo, Inc.*, 402 Mass. 397, 400 (1988).[3]

II. *The Defendants' Liability.*

It is the general rule that the "employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Restatement (Second) of Torts § 409 (1964). However, because there are so many exceptions to this general rule, the rule itself has been described as a "'preamble to the catalog of its exceptions.'" *Id.*, comment b, quoting from *Pacific Fire Ins. Co.* v. *Kenny Boiler & Mfg. Co.*, 201 Minn. 500, 503 (1937). See

---

[3] The defendants suggest that because the plaintiff has the burden of proof at trial, we should apply the Federal standard set out in *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986). But see *Attorney Gen.* v. *Brown*, 400 Mass. 826, 832-833 (1987). We need not consider the suggestion because application of the Federal standard would not change the result.

also *Whalen* v. *Shivek*, 326 Mass. 142, 150 & n.1 (1950); *Vertentes* v. *Barletta Co.*, 16 Mass. App. Ct. 463, 466 n.3 (1983), *S.C.*, 392 Mass. 165 (1984).

Of the many recognized exceptions to the general rule, the plaintiff specifically relies upon Restatement (Second) of Torts (1964): (1) § 416, "Work Dangerous in Absence of Special Precautions"; (2) § 424, "Precautions Required by Statute or Regulation"; (3) § 427, "Negligence as to Danger Inherent in the Work"; and (4) § 427B, "Work Likely to Involve Trespass or Nuisance." Whether the defendants' conduct and DiCenzo's work fall within the circumstances described in these various exceptions are questions of fact for the jury to determine upon sufficient evidence.[4] See *Corsetti* v. *Stone Co.*, 396 Mass. 1, 11 (1985); *Vertentes* v. *Barletta Co.*, 16 Mass. App. Ct. at 466 n.4. Compare Restatement (Second) of Torts § 520 (1977), and comments thereto discussing the various policy reasons which make the question whether an activity is abnormally dangerous (a claim not made in the present case) one of law and not fact. See also *Vertentes* v. *Barletta Co.*, 392 Mass. at 174-175 & n.3 (Abrams, J., concurring).

Whether the defendants are liable to the plaintiff for her injuries is a question which turns upon disputed factual issues. It was, therefore, error to grant the defendants' motion for summary judgment.

*Judgment reversed.*

---

[4] In relying upon § 424, the plaintiff claims that the defendants and DiCenzo were required, but failed, to comply with certain safety regulations promulgated by the Division of Industrial Safety. See 441 Code Mass. Regs. §§ 10.01 et seq. (1978). Whether those regulations are applicable is a question of law, whereas whether they have been violated is a question of fact. As we read those regulations, we think that the plaintiff's reliance upon § 424 as a basis for liability is misplaced. It appears that these regulations were promulgated for the protection of those performing the work therein described rather than for the benefit of persons in the plaintiff's position. The proceedings are at far too early a stage, however, for us to intimate whether any violation of the regulations is relevant evidence of negligence.