Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8A expedited appeal by the defendant of the entry of summary judgment for the plaintiff on the defendant’s counterclaim for intentional infliction of emotional distress.
Plaintiff Richard C. Berg commenced this action in contract to recover payment on defendant Arlene M. Goldwyn’s written guaranty of a $24,000.00 promissory note executed by the defendant’s husband on May 1, 1990. Summary judgment was entered for the plaintiff on the defendant’s guaranty.
The defendant filed a counterclaim for the plaintiff’s alleged intentional infliction of emotional distress in his repossession of three motor vehicles belonging to the defendant’s family which the defendant’s husband had pledged as security for a second $15,000.00 loan from the plaintiff on October 1, 1990. The defendant failed to include a copy of her counterclaim in her expedited appeal to this Division.[1] The essence of the defendant’s counterclaim is, however, contained in an affidavit she flied in opposition to the plaintiff’s summary judgment motion. The affidavit states, in relevant part:
[In] January, 1992,1 witnessed an incident from which I have endured extreme distress and emotional anguish. On one occasion that Richard Berg attempted to repossess the automobiles that belonged to my family, my daughter escaped while having to drive one car past a man who stated that he had a gun. She had to drive around him. During this incident, I truly felt as though I was having a heart attack. I was panting, hyperventilating, and screaming for the men to leave us alone. I, to this day, am a lot more nervous, panicky and paranoid... I spoke to a psychiatrist on more than a few occasions to try to help me deal with the incredibly terrorizing circumstances ...
The defendant argued that the plaintiff repossessed the vehicles even though he had been previously informed that her husband had filed for bankruptcy.
The plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment on the grounds that there was no genuine issue of material fact as to the defendant’s counterclaim and that such claim failed to set forth any basis for relief or recovery. In a supporting affidavit, the plaintiff stated that the defendant’s husband had borrowed approximately $40,000.00 from him which remained unpaid. When the plaintiff read in the newspaper that the defendant’s husband had been convicted of larceny, he consulted with his attorney and requested that the attorney “make reasonable efforts on [his] behalf to recover the amounts which were *121 owed to [him].” The plaintiff further averred that he “left the recovery of such amounts to [his] attorney” and that any efforts made on his behalf were designed solely to recoup the substantial losses he had sustained in his loans to the defendant’s husband.
In addition to the defendant’s affidavit in opposition to the plaintiff’s Rule 56 motion, the defendant’s husband submitted an affidavit which indicated that he had informed both the plaintiff and the plaintiff’s attorney that he had filed for bankruptcy and the plaintiff was listed as a creditor for the full amount of the debt owed to him.[2] The affidavit did not state that the vehicles in question were listed as assets.
After hearing, the plaintiff’s summary judgment motion was allowed.
1. It is well established that summary judgment is appropriate where the moving party has affirmatively demonstrated that there are no issues of material fact and that he is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). Where, as in the instant case, the Rule 56 moving party would not have the burden of proof at trial, the moving party may establish the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving such essential element at trial. Curtis v. School Comm. of Falmouth, 420 Mass. 749, 753 (1995);Judson v. Essex Agricultural & Tech. Inst., 418 Mass. 159, 162 (1994); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
2. The defendant’s counterclaim for intentional infliction of emotional distress was dependent upon proof that she suffered severe emotional distress as a direct result of extreme and outrageous conduct by the plaintiff who either intended to cause such distress or acted in reckless disregard of such foreseeable consequence. Agis v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976). See also Simon v. Solomon, 385 Mass. 91, 95 (1982); Bailey v. Shriberg, 31 Mass. App. Ct. 277, 279 (1991). Liability could not be imposed upon the plaintiff in the absence of evidence that he intended to cause severe emotional harm, Nancy P. v. D’Amato, 401 Mass. 516, 520 (1988), or should have known that such harm would result from his actions. Sena v. Commonwealth, 417 Mass. 250, 263-264 (1994). Although issues of intent, motivation or state of mind are ordinarily deemed questions of fact unsuitable for Rule 56 resolution, Flesner v. Technical Communications Corp., supra at 809; Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 102-103 (1991), summary judgment may be granted on emotional distress claims when insufficient evidence has been advanced to raise a genuine factual dispute on the question of intent. See Godbout v. Cousens, 396 Mass. 254, 264-265 (1985).
The materials filed by the defendant in opposition to the plaintiff’s summary judgment motion herein indicate only that her husband told the plaintiff that he had filed for bankruptcy and that one of the men who attempted to repossess the family automobiles stated that he had a gun. The defendant did not aver that the plaintiff instructed the man in question to state that he had a gun, or that the plaintiff even knew that such statement had been made. Indeed, the defendant’s summary judgment materials are silent as to any direct role the plaintiff may have *122 played with regard to the repossessions.
Conversely, the plaintiffs affidavit states that he simply asked his attorney to make reasonable collection efforts on the defendant’s husband’s promissory notes. The defendant failed to controvert this pivotal averment, or to indicate in any way that the man who repossessed the vehicles acted as an agent under specific instructions from the plaintiff. The plaintiff’s additional averment that he “left the recovery” of the amounts owed to him to his attorney suggests that it was the attorney who hired or employed the repossession man. One who employs an independent contractor to do lawful work which is not inherently dangerous, such as the repossession of collateral after a promissory note default, is not liable for harm caused to third parties by a tortious act or omission of the independent contractor or his servants. See generally, American Coated Fabrics Co. v. Berkshire Apparel Corp., 361 Mass. 165, 167-168 (1972); Whalen v. Shivek, 326 Mass. 142, 150 (1950); Ferguson v. Ashkenazy, 307 Mass. 197, 200 (1940); Santella v. Whynout, 27 Mass. App. Ct. 451, 453 (1989); Vertentes v. The Barletta Co., 16 Mass. App. Ct. 463, 466 (1983).
3. The defendants failure to demonstrate that the plaintiff participated in any way in the repossession of the automobiles, other than requesting his attorney to make collection efforts, resulted in the absence of any genuine dispute on the essential element of intent and of any basis for a trial on tine merits of the defendant’s counterclaim for intentional infliction of emotional distress. There was, therefore, no error in the court’s allowance of the plaintiff’s motion for summary judgment.
Accordingly, the court’s entry of summary judgment for the plaintiff on the defendant’s counterclaim is hereby affirmed. The defendant’s appeal is dismissed.
So ordered.

See Dist./Mun. Cts. R. A D. A., Rule 8A(a) (8) which requires the appellant to certify that “the expedited appeal contains all the evidence, facts and other material necessary for consideration of the appeal by the Appellate Division.”

The defendant’s husband’s affidavit also indicated that the trustee in bankruptcy had informed the plaintiff and his attorney that no repossession was to be undertaken while the bankruptcy was pending. Although the plaintiff did not move to strike this hearsay portion of the husband’s affidavit, see Dist./Mun. Cts. R. Civ. P. 56(e), the trial judge was free to disregard it in ruling on the plaintiff’s summary judgment motion. Madsen v. Erwin, 395 Mass. 715, 721 (1985). It may be assumed that he did so. Yovino v. Fish, 27 Mass. App. Ct. 442, 445 (1989).