Welch, J.
Plaintiffs brought this complaint alleging negligence, breach of a lease contract and violation of G.L.c. 93A arising out of a fire in their apartment caused by the use of a hot air stripper to melt ice in a gutter. Defendants John Flym and Shelly Neill now move for summary judgment arguing that the alleged negligent act was performed by an independent contractor, that plaintiffs had no lease, and that plaintiffs failed to meet the prerequisites of suit under G.L.c. 93A. For the following reasons defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
Defendants Neill and Flym are trustees of the 9 Hampstead Road Condominium Trust which owns a three unit building at 9 Hampstead Rd., Jamaica Plain. Plaintiffs rented the second floor unit from defendant Flym under an oral lease which was renewed on a yearly basis. The building is made of wood and approximately one hundred years old.
Neill and Flym decided that work needed to be done on the gutters of the building. Neill, allegedly with Flym’s assent, contacted defendant Reliable Roofing, Inc. (Reliable) to perform the work. Neill had previously worked with Reliable, on a project for her employer, in either 1990 or 1991. Reliable gave Neill a proposal for the work which she accepted.
Defendant Hillary Gouthro, the president of Reliable, came to the building on February 5, 1993 to perform the job. Neill allegedly asked Gouthro to clear ice from a downspout and showed him where to plug in his tools. Gouthro used a hot air welding tool to melt the ice. The tool was capable of developing temperatures of 1300 degrees Fahrenheit. Gouthro did not place a shield between the downspout and the house, nor did he have a fire extinguisher nearby.
According to Gouthro, Neill smelled smoke and asked him whether she should call the fire department. Gouthro responded that he had everything under control, and proceeded to hose down the building. Later, when he saw smoke, Gouthro asked Neill to phone the fire department. The house caught fire and the plaintiffs sustained damages.
DISCUSSION
Negligence:
Counts II, III, and IV of plaintiffs’ complaint allege that Neill and Flym, individually and as Trustees, “were negligent in the selection and supervision of Reliable” and “in allowing the subject repairs which included an unreasonable risk of fire.”
Although a close question, a genuine issue of material fact may exist as to whether Neill and Flym negligently selected Reliable to perform the gutter work. Plaintiffs have provided evidence that Neill did not inquire about Reliable’s qualifications. Neill did previously work with Reliable, but that was two or three years before the incident, and a jury may find her lack of further investigation negligent.[3] Whether the defendants had a duty to exercise greater supervision in hiring and/or supervising this independent contractor is open to serious question. But it is a question best answered after a trial flushes out the evidence already submitted by the plaintiffs. This is particularly true since other portions of this case survived the summary judgment motion.
Although it is undisputed that Reliable acted as an independent contractor, defendants would be vicariously liable if the work contracted for was dangerous in the absence of special precautions.[4] Whalen v. *423 Shivek, 326 Mass. 142, 150 (1950); Santella v. Whynott, 27 Mass.App.Ct. 451, 454 (1989). The question of whether using a hot air welding tool to melt ice in a downspout attached to a wood building is dangerous absent special precautions, such as a shield, is a question of fact for the jury.[5]
Plaintiff has also provided evidence that Neill failed to call the fire department when she initially smelled smoke. Whether this inaction was negligent is a question of fact for the jury.
Breach of Contract:
Count V of plaintiffs’ Complaint alleges breach of contract against defendant Flym stemming from the alleged lease agreement. Defendants apparently argue that plaintiffs did not have a written document describing their tenancy, therefore they did not have a lease, therefore they cannot maintain an action for breach of contract. This argument is without merit. In addition, Flym is rather late in asserting the Statute of Frauds, even if it were applicable, in that he did not raise it in his answer. Mass.RCiv.P. 8(c).
93A Claim:
Count VI of plaintiffs’ Complaint asserts a violation of G.L.c. 93A. The claimant must provide 30 days written notice prior to filing a 93A claim. G.L.c. 93A, §9(3) (1994 ed.); Cassano v. Gogos, 20 Mass.App.Ct. 348, 349 (1985). The notice must include one of the following:
1. an “express reference to c. 93A”;
2. an “express reference to the consumer protection act”;
3. an “assertion that the rights of the claimants as consumers have been violated”;
4. an “assertion that the defendant has acted in an unfair or deceptive manner”;
5. a “reference that the claimants anticipate a settlement offer within thirty days”;
6. an “assertion that the claimant will pursue multiple damages and legal expenses, should relief be denied”; or
7. “some other signal which will alert a reasonably perceptive recipient” that a 93A claim is being made. Cassano v. Gogos, 20 Mass.App.Ct. 348, 350-51 (1985).
The purported notice in the instant case contains none of the specific references enumerated in Cassano, nor does it contain any signal which could reasonably alert the defendants that a c. 93A claim is being contemplated. The letter is insufficient notice as a matter of law and defendants Neill and Flym’s motion for summary judgment is ALLOWED as to Count VI of the complaint.[6]
ORDER
It is therefore ordered that defendant Neill and Flym’s motion for summary judgment be ALLOWED as to Count VI of the Complaint and DENIED as to Counts II, III, IV and V of the Complaint.

Plaintiffs’ also argue that the defendants were negligent in their selection of Reliable because they did not ensure that Reliable had adequate insurance. Such a cause of action has not been recognized in the Commonwealth and there is no need to determine the issue on this motion.

Plaintiffs also argue that the defendants are vicariously liable for the negligence of Reliable because their duty to keep the leased premises in reasonably safe condition was nondel-egable. Plaintiffs cite Leavitt v. Glick Realty Corp., 362 Mass. 370, 377 (1972), in support of their argument. Leauittinvolved a dangerous instrumentality, electricity, and the owner’s failure to inspect or supervise the independent contractor’s maintenance for twenty-seven years. Id. at 376. Leavitt is a negligent supervision case involving extreme circumstances. This court will not interpret Leavitt as stating that landlords are always liable for the negligence of independent contractors hired to maintain leased premises.

Defendants cite Thurlow v. Town of Provincetown, 337 Mass. 450 (1958), as stating the opposite conclusion. In Thuriow, the court directed a verdict for the defense on the issue of whether the use of electricity to thaw an underground pipe was particularly dangerous. Id. at 455. The court noted that there was no ground to believe that injury would result from the work absent special precautions. Id. The court found that the method was always used, had never resulted in injury before, and did not have an obvious inherent risk of injury. Id. The activity in Thuriow involved the creation of an electrical current in pipes under the street in front of the plaintiffs home. Id. at 451. The activity in the present case is the use of a hot air torch on a downspout directly attached to a wood building. The facts of the present case are distinguishable.

Plaintiffs argue that they have a valid claim against the Trust’s insurer under G.L.c. 176D. They argue further that G.L.c. 176D has no notice requirement, that a violation of G.L.c. 176D is an automatic violation of G.L.c. 93A §9, and accordingly their claim should not be dismissed. G.L.c. 176D, standing alone, does not create a private right of action. Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 75 (1977). A consumer may sue under G.L.c. 93A §9(1) for a violation of G.L.c. 176D, but the same notice requirement attaches. G.L.c. 93A §9(3) (1994 ed.). Plaintiffs have failed to meet that notice requirement, and further they have failed to join the insurer as a party to this action.