RAYMOND A. STEUTERMAN'S (dependent's) CASE.

Essex.    November 3, 1948. — December 3, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act,* Time of injury, Amount of compensation. *Statute,* Retroactive statute.

The amount of compensation payable under the workmen's compensation act, where exposure of the employee to fumes in 1943 and 1944 caused or aggravated a condition of bronchitis or emphysema and brought about a personal injury which "became complete" in 1944, was governed by the statutes in force at the time of the injury and not by St. 1945, c. 717, effective in October, 1945, although the employee was not disabled for work until 1946.

Under § 2A, inserted in G. L. (Ter. Ed.) c. 152 by St. 1946, c. 386, § 3, the provisions of St. 1945, c. 717, changing amounts of compensation payable under the workmen's compensation act, does not apply retroactively to injuries sustained before its effective date.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

In the decision of the reviewing board of July 31, 1947, the board affirmed and adopted the findings and decision of the single member and found "further that, as a result of his exposure to silicon tetrachloride fumes in the course of his work, the employee received a personal injury which arose out of and in the course of his employment and became complete in 1944 . . . and finally resulted in disability beginning January 4, 1946." In the decision of the reviewing board of January 7, 1948, it was stated that the board

"reaffirms and adopts its finding that the employee's injury was complete in the early part of 1944 notwithstanding that the employee did not become incapacitated for work until January 4, 1946."

The case was heard by *Forte,* J.

*S. Pearl,* for the claimant.

*E. Field,* (*C. C. McCarthy* with him,) for the insurer.

WILLIAMS, J. These are appeals from two decrees entered by the Superior Court in a workmen's compensation case. The employee suffered personal injury arising out of and in the course of his employment from exposure to the fumes of silicon tetrachloride while working as an electrician at a plant of Sylvania Electric Products, Inc., in Salem. The single member found that the exposure to the fumes occurred in the latter part of 1943 and the early part of 1944; and that such exposure caused or aggravated a condition of bronchitis or emphysema as a result of which the employee was disabled for work on January 4, 1946. These findings were supported by the evidence.

On July 22, 1947, after a claim for review by both employee and insurer, the reviewing board affirmed and adopted the findings of the single member and ordered compensation to be paid at the rate of $22 a week "as provided in § 34 as amended by c. 717 of the Acts of 1945." On July 24, 1947, the Industrial Accident Board received a letter from the attorney for the employee which represented that the employee had four dependents and that under G. L. (Ter. Ed.) c. 152, § 34, as amended by c. 717 of the acts of 1945, the employee was entitled to $32 per week instead of $22. It also requested that under § 9A reasonable fees be awarded to the physicians appearing for the employee. The letter concluded: "If the board sees fit to make these corrections . . . there would, of course, be no need for appeal by the employee." Thereafter the reviewing board recalled and cancelled its decision "for the purpose of making correction and amplification thereof." On July 31, 1947, the reviewing board filed its corrected and amplified decision in which it awarded compensation to the employee at the rate of $20 from January 4, 1946, in accordance with the statute as it

stood before St. 1945, c. 717. The board ruled that the employee was not entitled to compensation at the increased rate because his injury occurred before St. 1945, c. 717, became effective. It did, however, award fees to three physicians who testified for the employee. On July 23 the attorney for the employee requested a certified copy of the record for filing in the Superior Court. The record was presented to that court on August 4, 1947. On September 2 the insurer filed a suggestion of death in the Superior Court representing that the employee died on July 11, 1947, and moved that the case be recommitted to the Industrial Accident Board for findings of fact as to the date of death and for the correction of the compensation order. On September 5, Blanche J. Steuterman, representing that she was administratrix of the estate of the employee, that she was his widow and that three minor children survived, moved that "it be decreed that the letter dated July 24, 1947, purporting to cancel and recall the decision dated July 22, 1947, is without proper authority and of no force and effect"; that the decision of July 31, 1947, be ordered struck from the record; and that the case be recommitted to the Industrial Accident Board to correct and clarify the original decision of the board in respect to physicians' fees and payment of compensation as provided in St. 1945, c. 717. On September 9, after referring to the two decisions of July 22 and July 31 and the fact that no administrator was appointed until after July 31, the judge in the Superior Court decreed "that the case be and hereby is recommitted, without prejudice to either party to raise before the board any other legal question involved." The administratrix and widow as dependent appealed from this decree on September 19. There was no error in the decree of recommittal. *Sciola's Case,* 236 Mass. 407, 414, 415.

On January 7, 1948, after ruling that the payment of dependency compensation on account of the death of the employee was separate from the payment of incapacity compensation, the board reaffirmed its former findings of fact and rulings as to the rate of compensation and ordered such compensation to be awarded only to the date of the

employee's death. On March 1, 1948, the case was again certified to the Superior Court and on March 25, 1948, the judge of that court entered a final decree adjudging that the personal injury of the employee "was complete in the early part of 1944, and that said personal injury resulted in total incapacity for work beginning January 4, 1946, and continuing until the death of said employee on July 11, 1947; that compensation for said incapacity is due at the rate of twenty (20) dollars per week from January 4, 1946, to July 11, 1947." Reference to provisions of the decree as to payment of counsel fees and fees to the testifying physicians need not be made. On March 30, 1948, the administratrix and widow as dependent appealed from this decree.

The contention of the administratrix and widow as dependent that the rate of compensation as a matter of law is governed by St. 1945, c. 717, cannot be supported. An injury may be found to have been sustained at a time before incapacity to work resulted. *Anderson's Case*, 288 Mass. 96, 99, 100. *Gustafson's Case*, 303 Mass. 397. The rate of compensation is determined by the statute in force at the time of injury. *Crowley's Case*, 287 Mass. 367. As above stated the injury was sustained at the time of the exposure to the fumes in the latter part of 1943 and the early part of 1944. The statute of 1945, c. 717, was approved on July 25, 1945, and became effective three months thereafter. It is to be applied prospectively and not retroactively. See G. L. (Ter. Ed.) c. 152, § 2A, inserted by St. 1946, c. 386, § 3; *Beausoleil's Case*, 321 Mass. 344.

The administratrix and widow as dependent further contends that the reviewing board had no power to recall its initial decision of July 22 and that such decision remained the law of the case. This question need not be decided, because if there were any error in the recall by the reviewing board of its initial decision of July 22, which we do not intimate, it was cured by the subsequent decision of January 7, 1948, rendered after the case had been recommitted by the Superior Court.

*Decrees affirmed.*