## MORRIS WAX'S CASE.

Suffolk. April 7, 1970. — June 8, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Incapacity.

Medical testimony by two doctors who had examined and treated the employee in a workmen's compensation case warranted findings by the reviewing board that the employee had sustained a personal injury arising out of and in the course of his employment through "aggravation of obstructive emphysema and fibrosis as the result of continuing exposure to a dusty environment" in the mailing room of a newspaper, although the doctors' testimony contained inconsistencies or was somewhat weakened in cross-examination, and that the employee, who had only fifty per cent lung capacity, was totally incapacitated, even if he "could probably do desk or a light type of work in the proper environment."

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Ford*, J.

*Thomas A. L'Esperance, Jr.*, for the insurer.

*Louis M. Gropman* for the employee.

SPALDING, J. Morris Wax, a former employee of The Boston Globe Newspaper Corporation (Globe), seeks compensation under G. L. c. 152 for injuries allegedly arising out of and in the course of his employment. The single member denied the claim on the ground that the employee had failed to sustain the burden of proof that he had sustained a personal injury arising out of and in the course of his employment. The reviewing board reversed the findings and decision of the single member. In its findings and decision the board found that the employee had sustained an injury arising out of and in the course of his employment and that he is now totally incapacitated. Total incapacity compensation from June 6, 1966, was awarded. On appeal by the

insurer, a judge of the Superior Court entered a decree ordering the insurer to pay total incapacity compensation to the employee from June 6, 1966. The insurer appealed.

There was evidence of the following. The employee worked for Globe as a mailer from 1930 to June 6, 1966, first at Washington Street in Boston, and from May, 1958, at a new plant on Morrissey Boulevard. The mailing room, in which he worked at the old plant, had no ventilation. After complaints from employees a ventilation system was installed in the new plant. But this occurred at some time after the move to the new plant.[1] At both operations the employee was exposed to an environment containing paper particles and printer's ink, resulting from paper scrap cuttings. In both places dust accumulated in the air.

Two doctors who examined and treated the employee testified. Dr. Charles A. Brusch, a general practitioner, first saw the employee on January 14, 1966, for high blood pressure and pain in the chest. Following examinations and tests on June 7, 1966, he diagnosed the condition as emphysema and found the claimant totally disabled. As of November 17, 1967, the most recent examination, he was of opinion that the employee was still incapacitated from engaging in strenuous or extended activities. Dr. Brusch gave an opinion on direct examination that the claimant's emphysema was aggravated by his exposure to paper particles, ink, and dust.

Dr. Thomas Ryan, a qualified internist and cardiologist, first saw the claimant on October 27, 1966, and on four occasions thereafter. His diagnosis was one of mild to moderate obstructive emphysema and fibrosis, as a result of which the claimant was totally incapacitated. In a letter dated November 29, 1966, to the claimant, which was introduced in evidence, Dr. Ryan concluded: "I would say that you do not have your lung disease primarily because of your occupation, but that you may well have had the condition aggravated by the conditions where you work . . . ." There

---

[1] The evidence on this issue was conflicting, for there was evidence that the mailing room in the new plant at all times had a ventilating system in operation.

was evidence that in answer to an inquiry by an insurance company, Dr. Ryan had stated that the employee's condition was "emphysema aggravated [by] dust, inhalants and other impurities at the place of employment." Dr. Ryan also testified that in his opinion the claimant's condition was aggravated by the poor ventilation and dust. This opinion was reaffirmed on cross-examination.[2]

Adopting the opinions of Dr. Brusch and Dr. Ryan, the reviewing board found that "the employee sustained a personal injury arising out of and in the course of his employment on June 6, 1966, to wit, aggravation of obstructive emphysema and fibrosis as the result of continuing exposure to a dusty environment containing paper particles and printers ink from an accumulation of paper shavings in the plant of his employer." The board also found the employee to be totally incapacitated and ordered compensation from June 6, 1966, to date, and continuing in accordance with the provisions of the Workmen's Compensation Act.

The questions for decision are whether the employee has sustained the burden of proving (1) a causal relation between his condition and employment and (2) his total incapacity.

The insurer argues that the medical opinion introduced on behalf of the claimant was inadequate to establish a connection between his condition and employment. It cites certain inconsistencies between Dr. Brusch's direct and cross-examination on this issue, and a statement at one point during Dr. Ryan's testimony that the link was a "possibility." See *Oberlander's Case*, 348 Mass. 1, 6–7. This contention need not detain us long. There was competent medical testimony before the board that the claimant's condition was aggravated at the place of employment. Such findings must stand unless they are unsupported by the evidence. *Zucchi's Case*, 310 Mass. 130, 133. *Sawyer's Case*, 315 Mass. 75, 79. It was for the board to evaluate this testimony and weigh its infirmities in the context of all the evidence before it concerning the place of employment

---

[2] At one point in his cross-examination, however, he stated that the relation between working conditions and the employee's condition was a possibility.

and the conditions obtaining there. The board had before it the testimony of two doctors who had expressed an opinion that the claimant's employment aggravated his lung condition. We cannot say that the board, as a matter of law, had no competent evidence before it for its conclusion merely because their testimony contained inconsistencies or was somewhat weakened in cross-examination.

Nor does Dr. Brusch's statement that the employee "could probably do desk or a light type of work in the proper environment" require us to conclude that the board was not warranted in finding that the employee was totally incapacitated. It is for the board to evaluate the capacity for work upon all the evidence. There was ample evidence before the board that the employee, who had only fifty per cent lung capacity, was totally incapacitated, despite other evidence that he could do light work.

*Decree affirmed.*
*Costs of appeal are to be*
*determined by the single justice.*