ROBERT T. MOORE'S CASE. October 24, 1972. This is an appeal by a self-insured employer (G. L. c. 152, § 25A, as amended through St. 1969, c. 567) from a final decree of the Superior Court ordering it to pay workmen's compensation to its former employee who became disabled from pulmonary asbestosis on January 14, 1968. The sole issue before the Industrial Accident Board was whether the employee had sustained an injury arising out of and in the course of his employment. The single member found that he had, and the reviewing board reached the same conclusion. "The decision of the board is not to be set aside unless a different conclusion is required as matter of law. Whatever decision on the facts was possible or probable, the only question of law raised by this appeal is whether there was any evidence upon which the findings could have been made." *Chapman's Case*, 321 Mass. 705, 707, and cases cited. We hold that there was such evidence and we summarize it. The employee worked for the employer at its paper mill from 1947 to 1952, and again from 1954 until he became disabled on January 14, 1968. During the earlier years he handled asbestos as one of the ingredients used in making paper. For the thirteen years before becoming disabled he was a "slitter operator," spending about twenty-five per cent of his time cutting rolls of paper which included asbestos. Although this was a dusty operation and the dust came in contact with his body and face, he used no respirator. Asbestosis is a progressive disease resulting from the inhalation of asbestos particles which cause a continuing irritating effect on the lung tissue and set up a barrier between the air one breathes and his blood. The only way one can develop pulmonary asbestosis is by inhaling asbestos fibers. It was the opinion of a cardiothoracic surgeon called by the employee that there was a causal relationship between the latter's employment in the paper mill and his disabling asbestosis. The employee's exposure to asbestos when working for the insured subsidiary of the employer from 1952 to 1954 does not affect his right to compensation from the employer as self-insurer when the cumulative effect of this and his subsequent exposure resulted in his disability in 1968. "This case is similar to a number of cases in which it has been held that a gradual accumulation of foreign material in the employee's system due to the conditions of his employment, causing definite physical harm, may be found to have brought about a compensable injury sustained at the time when the employee became unable to work." *Wnukowski's Case*, 296 Mass. 63, 65, and cases cited. *Brek's Case*, 335 Mass. 144, 148. *Wax's Case*, 357 Mass. 599, 601–602.

> *Decree affirmed. Costs of appeal are to be determined by the single justice.*

*Norman P. Beane, Jr.*, for the self-insurer.
*Lawrence Mason* for the employee.