ROBERT T. MOORE'S (dependent's) CASE. May 20, 1977. Assuming, without deciding, that the single member erred in considering the statements in the death certificate (which was apparently admitted in evidence without limitation and without objection) relative to the cause of the deceased employee's asbestosis (see G. L. c. 46, § 19, and *Commonwealth* v. *Lannon,* 364 Mass. 480, 483-484 [1974]), the error was rendered immaterial by the reviewing board's primary reliance on its determination in prior proceedings (see *Moore's Case,* 362 Mass. 876 [1972]) that the employee's asbestosis was an injury which arose out of and in the course of his employment by the self-insurer and that the self-insurer was liable to pay compensation to the employee for the resulting disability. Those proceedings settled the question of the liability of the self-insurer for the employee's condition of asbestosis at the earlier time (*Kareske's Case,* 250 Mass. 220, 226 [1924]) and, coupled with the death certificate, which was evidence that the employee died on November 29, 1972, and that his death resulted from asbestosis, constituted evidence that the employee's death was "the result of the injuries for which he received compensation" (G. L. c. 152, § 12) and warranted the board's decision. The self-insurer's suggestion, supported by nothing in the record, that the employee's condition may have been aggravated by some subsequent employment and that the subsequent employer, if any, may thus be liable for the dependency benefits now claimed (see *Evans's Case,* 299 Mass. 435, 437 [1938]; *Trombetta's Case,* 1 Mass. App. Ct. 102, 104 [1973]) in no way dispels the fact that there is evidence in the record which supports the

reviewing board's decision. The dependent did not have a burden of negating the possibility of subsequent injuries or aggravations.

*Judgment affirmed. Costs of appeal are to be determined by a single justice.*

The case was submitted on briefs.

*Norman P. Beane, Jr.,* for the self-insurer.

*Lawrence Mason* for the dependent.