MARIO DASILVA'S CASE. February 2, 1978. 1. The board's findings that the claimant worked for Snack Shop, Inc., in return for a reduction in the purchase price of the business and that he worked under the direction and control of the then owners of the business supported the conclusion that he was an employee within the meaning of G. L. c. 152, § 1(4). 2. The testimony of Dr. Rosen, adopted by the board, warranted the finding that the claimant's injury (status asthmaticus) was caused by his exposure to cooking odors and fumes in the poorly ventilated kitchen of Snack Shop, Inc. We reject the insurer's contention that that testimony amounted to nothing more than conjecture (see *Oberlander's Case*, 348 Mass. 1, 6 [1964]) or mere statement of possibility (*Josi's Case*, 324 Mass. 415, 418 [1949]; *Hachadourian's Case*, 340 Mass. 81, 86 [1959]). On the testimony in this case, the board was warranted in concluding that an agent which acts as an irritant, as opposed to an allergen, may be the cause of an injury in the legal sense. Compare *Bober* v. *Independent Plating Corp.*, 28 N.J. 160, 172-174 (1958). 3. Dr. Rosen's testimony concerning the severity of the claimant's asthmatic condition after November 22, 1963 (contrasted with evidence that such asthmatic symptoms as he may have had before that time were minor and not disabling), coupled with the many recurrences, some requiring hospitalization, thereafter, warranted the board's finding that the claimant was totally incapacitated from November 22, 1963, through December 31, 1963, and from March 27, 1964, through November 16, 1966, the latter being the date of discharge from the last of those hospitalizations. Compare *LaFlam's Case*, 355 Mass. 409, 411 (1969); *Wax's Case*, 357 Mass. 599, 602 (1970).

*Judgment affirmed.*

*Gerard L. Pellegrini* for the employer.
*Daniel A. Ford* for the claimant.