PASQUALE SQUILLANTE'S CASE.

Bristol.  January 3, 1983. — June 9, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Workmen's Compensation Act,* Time of injury.

The rate of compensation payable under G. L. c. 152, the Workmen's
    Compensation Act, as a result of the plaintiff's becoming totally
    disabled by asbestosis in 1974, allegedly as a result of his direct ex-
    posure to asbestos while employed by the defendant between 1942 and
    1945, was that rate of compensation in effect on the last day he had
    been employed by the defendant in 1945, when he was last exposed to
    asbestos.  [397-398]

CERTIFICATION to the Superior Court Department of a
decision by the Industrial Accident Board.

The case was heard by *Byron, J.*

After review was sought in the Appeals Court, the
Supreme Judicial Court ordered direct appellate review on
its own initiative.

*Frederic J. Torphy* for the employee.

*Neal C. Tully (Charles E. Colson* with him) for
Bethlehem Steel Corporation.

*Gerard B. Carney,* amicus curiae, submitted a brief.

*Michael P. Thornton,* amicus curiae, submitted a brief.

LYNCH, J.  The employee appeals from a judgment of the
Superior Court affirming the rate of compensation applied
by the Industrial Accident Board under the Workmen's
Compensation Act (G. L. c. 152), as a result of his total in-
capacity allegedly resulting from direct exposure to
asbestos, beginning in 1943, while working for Bethlehem
Steel Corporation.  The single member of the board found
that the plaintiff had been employed by Bethlehem Steel
between December, 1942, and the end of 1945, and that

while employed there he developed a disease as a result of exposure to asbestos. The single member also found that the plaintiff had become disabled as the result of asbestosis from September, 1974, to the date of the hearing, and continuing. The member then applied the rate of compensation in effect on the last day of the plaintiff's employment with Bethlehem Steel in 1945, that being $22.00 per week. On review, pursuant to §§ 10 and 11 of the Act, the board, as well as the Superior Court judge, applied the same rate of compensation as did the single member. We took the case on our own motion.

The only issue presented by this appeal is the rate of compensation due the employee for his disability. Where an employee's injury results from a gradual exposure to harmful foreign matter the date of the injury is the date of last exposure to the foreign matter. *Steuterman's Case*, 323 Mass. 454 (1948). L. Locke, Workmen's Compensation § 177, at 192-194 (2d ed. 1981). Often the date of last exposure coincides with the day when the employee is no longer able to continue his work because of the cumulative effect of such exposure. *Id.* at 193. Here, the last date of exposure to asbestos occurred in 1945. The day that the employee was no longer able to work occurred in 1974, long after he had ceased his employment with Bethlehem Steel. In such a case, the date of injury is the date of last exposure, not the date of incapacity. *Steuterman's Case, supra.* L. Locke, Workmen's Compensation, *supra* at 193. Since the plaintiff was not an employee of Bethlehem Steel in 1974, it is difficult to see how it would aid the plaintiff to use that year as the date of injury, since any injury occurring then could not have occurred in the course of his employment with Bethlehem Steel. See L. Locke, *supra* at 193 n.99. Cases relied upon by the employee, such as *Moore's Case*, 362 Mass. 876 (1972), where the date of last exposure and the date of last employment coincide are, therefore, inapposite. The provisions of G. L. c. 152, § 51A, which state: "In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into

consideration the compensation provided by statute on the date of the decision, rather than the date of the injury," can have no application to the facts of this case since the act adopting § 51A specifically provides that its provisions applied only to injuries occurring after November 25, 1969. St. 1969, c. 833, § 2.

Decisions of this court holding that the cause of action for the tort of malpractice accrues on the discovery of the injury and that of negligent design or manufacture accrues on the date of injury have no analogous force here. See *Franklin* v. *Albert*, 381 Mass. 611 (1980); *Cannon* v. *Sears Roebuck & Co.*, 374 Mass. 739 (1978). "Workmen's compensation is not an area so 'long left to the common law [that] change may, . . . come about by the same medium of development.' *Ferriter* v. *Daniel O'Connell's Sons*, 380 Mass. 507, 516 (1980)." *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 350 (1983). "[T]he workmen's compensation laws are economic regulations representing the Legislature's balance of competing societal interests and . . . the courts have no place in reshaping public policy in the face of such comprehensive legislation." *Id.* at 349.

The judgment of the Superior Court is affirmed.

*So ordered.*