GIL CORRIVEAU *vs.* HOME INSURANCE COMPANY. No. 96-P-1372. October 16, 1997. *Workers' Compensation Act,* Compensation, Injuries to which act applies. *Administrative Law,* Regulations. *Regulation. Statute,* Construction.

The single issue before us is whether the reviewing board of the Department of Industrial Accidents erred in holding that the definition of "disfigurement that is purely scar-based," appearing in 452 Code Mass. Regs. § 1.02

(1993),[1] made impossible the enforcement of G. L. c. 152, § 36(1)(*k*), the material provision of which we set forth in the text, *infra*. See G. L. c. 152, § 5 (the board shall not apply a regulation which makes impossible the enforcement of any section of c. 152).

The parties stipulated that the plaintiff sustained a burn injury to his left leg resulting in scarred tissue; the defendant accepted the liability and paid workers' compensation benefits to him. Subsequently, the plaintiff filed a claim for benefits under § 36(1)(*k*) for disfigurement to his leg, and an administrative judge, relying on the disputed regulation, awarded benefits in the amount of $9,779.36. On appeal by the defendant, the reviewing board rejected the regulation as inconsistent with the statute and reversed the decision of the administrative judge. On appeal by the plaintiff, a single justice of this court affirmed the decision of the reviewing board, and reported the question to a panel of the justices of this court. See Appeals Court Standing Order Governing Appeals From the Industrial Accident Reviewing Board, fourth par. (1990). We affirm the decision of the board.

General Laws c. 152, § 36(1)(*k*), as amended by St. 1991, c. 398, § 69(A), provides, in part, "No amount shall be payable under this section for disfigurement that is purely scar-based, unless such disfigurement is on the face, neck or hands." 452 Code Mass. Regs. § 1.02 (1993), so far as material, provides that the disqualifying "Disfigurement that is Purely Scar-Based, as used in M.G.L. c. 152, § 36(*k*), shall mean all defacement of the skin that is caused solely by a surgical procedure, except donor sites resulting from any skin graft, bone graft or vein harvest."

The regulation, adopted following the 1991 amendment to § 36(1)(*k*), on its face is not consistent with the statute. The statute provides simply that unless the employee's scar-based disfigurement is on his face, neck, or hands, the employee is *not* entitled to compensation on account of the disfigurement. The regulation, on the other hand, provides that the disqualifying scar-based disfigurement is limited to those that are surgically caused (unless the surgical procedure is a donor site resulting from a skin or bone graft or a vein harvest).

The regulation, then, is both under-inclusive and over-inclusive. The statute does not preclude compensation for scar-based disfigurements which are caused by surgery; the regulation excludes compensation for defacing injuries caused solely by surgical procedures.[2] The statute excludes compensation for disfigurement that is not on the hands, face or neck; the regulation contains no such limitation.

The regulation fails to recognize that the evident purpose of the statute is to limit compensation for scarring to those parts of the body where scarring is ordinarily visible. As the board pointed out, *Pierce's Case*, 325 Mass. 649,

___

[1]Effective January 10, 1997, the disputed definition was deleted. Massachusetts Register No. 808, at 51 (1997). For purposes of convenience we refer to the definition in the present tense.

[2]The board correctly pointed out that G. L. c. 152, § 36(2), provides that losses under § 36 "shall be determined in accordance with standards set forth in the American Medical Association Guides to the Evaluation of Permanent Impairments," and that those Guides, at § 1.4, provide that "scars" include "[c]utaneous abnormalities that result from the healing of burned, traumatized, or diseased tissue, and represent a special type of disfigurement." The regulation, as noted above, would incorrectly limit the exclusion for scarring to those resulting from surgical procedures.

655 (1950), emphasizes that visible disfigurement diminishes earning capacity and further handicaps the employee in securing new employment. Compensation for loss of earning capacity as a result of work-connected injury is the prime consideration of the workers' ·compensation act, see *Louis's Case,* 424 Mass. 136, 140 (1997); *Donovan* v. *Donovan,* 15 Mass. App. Ct. 61, 64 (1982), and compensation for unobservable disfigurement that is not otherwise disabling is not within that purpose.

The decision of the reviewing board was correct. Since the plaintiff's scar-based disfigurement was to his legs, and not to his face, neck, or hands, he was not entitled to compensation. To the extent that 452 Code Mass. Regs. § 1.02 would reach a contrary result, it was unenforceable. See G. L. c. 152, § 5.

*Decision of the reviewing board affirmed.*

*Terrence A. Low* for the plaintiff.
*Douglas F. Boyd* for the defendant.