Manuel Fantasia's Case.

No. 08-P-1494.

Suffolk. September 14, 2009. - November 2, 2009.

Present: Katzmann, Smith, & Vuono, JJ.

*Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board, Findings by Industrial Accident Board, Notice. *Limitations, Statute of. Notice,* Timeliness.

The reviewing board of the Department of Industrial Accidents (board) correctly concluded that an employer's insurer suffered no prejudice as a result of an employee having filed a claim beyond the statutory limitations period and having failed to give timely notice, where the insurer could not have prevented or alleviated the employee's injury if it had been able to examine the employee when the employee had sufficient notice of the probability of a causal relationship between his work and the likely diagnosis of his injury; where, due to the type of injury, an earlier investigation would not have assisted the insurer in refuting the cause of the injury; and where certain records of the employer would have been unavailable even if the employee had timely filed his claim, and the records of another employer were not relevant to the issue of prejudice. [658-661]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Scott K. Lueker (Paul M. Moretti* with him) for the insurer.

*William C. Harpin* for the employee.

SMITH, J. In this long-standing workers' compensation action, we decide an issue we were unable to reach in a previous appeal by the parties; namely, whether the employer's insurer, Centennial Insurance Company[1] (Centennial), was prejudiced by the late filing of the employee's claim such that the claim is time barred.[2]

---

[1] At a status conference prior to this appeal, the case was dismissed as to several other insurers. Centennial is the only remaining insurer defendant.

[2] Manuel Fantasia, the employee, died on February 20, 2007. The appellee's brief was submitted on behalf of the employee's estate and his surviving widow, who has a direct interest in any specific compensation due to the

In the previous appeal, this court vacated the decision of the reviewing board (board) of the Department of Industrial Accidents (department) and remanded the matter for a reexamination of the statute of limitations issue and further findings of fact in regard to the administrative judge's ruling of no prejudice. See *Fantasia's Case*, 62 Mass. App. Ct. 1114 (2004).

On remand, the administrative judge found additional subsidiary facts, and ruled that the employee's claim was not time barred under the one-year statute of limitations in effect at the time of the injury and that, in any event, the insurer was not prejudiced by any delay in the filing of the claim. The administrative judge's decision was appealed to the board, which affirmed the decision, ruling that the employee had failed to file a timely claim but that, nevertheless, there was no prejudice to the insurer as a result of the late filing. Centennial now appeals, arguing that the board's decision was arbitrary, capricious, and contrary to law. We affirm the board's decision.

*Background.* The following facts are taken from the administrative record and the findings of the administrative judge. The employee worked as a machinist and welder from the 1950s until the early 1990s. In the late 1970s, the employee worked at Hardric Laboratories (Hardric), where he handled and machined beryllium mirrors. Although Hardric used vacuums to remove beryllium dust from the machinery, the employee was exposed to at least some beryllium dust while he worked there. From 1983 to 1984, the employee worked at Borjohn Optical Technology, Inc. (Borjohn), where, among other things, he worked on a polishing machine and inspected polished parts. During his employment at Borjohn, the company filled an order for 200 beryllium mirrors. The beryllium mirror polishing process at Borjohn also caused the employee to be exposed to beryllium dust. From 1984 to 1990, the employee rejoined Northeast Manufacturing (Northeast), a company that had employed him from 1967 to 1970. The administrative judge found that in the period from 1984 to 1990, he was not exposed to beryllium dust at Northeast.

In July, 1993, the employee sought medical treatment for shortness of breath. He remained hospitalized for six weeks. On

employee pursuant to G. L. c. 152, § 36A. For purposes of clarity, we refer to the party in interest as the "employee," although the actual parties are the estate and the employee's widow.

September 8, 1993, the employee's discharge diagnosis was "[i]nterstitial lung disease, likely secondary to berylliosis." On January 2, 1997, the employee was definitively diagnosed with berylliosis. He thereafter filed a workers' compensation claim on March 28, 1997, listing exposure to beryllium at Borjohn as the cause of his injury. The March 28 claim was also Borjohn's first notice of the employee's injury.

1. *The administrative judge's first decision.* Following an impartial medical exam and multiple hearings, the administrative judge found that the employee suffered a work-related injury while he was employed at Hardric and Borjohn. He ordered Centennial, as Borjohn's insurer, to compensate the employee under the successive insurer rule.[3] The administrative judge also concluded that the employee's claim had been timely filed within the four-year statute of limitations and that, in any event, Centennial was not prejudiced by any delay. Centennial appealed to the board, which summarily affirmed a revised version of the administrative judge's decision. On appeal by Centennial to this court, the single justice reported the matter to a full panel.

This court, in a decision issued pursuant to our rule 1:28, vacated the board's decision and remanded the matter to the department. The court ruled that the administrative judge's decision was "legally and factually flawed." *Fantasia's Case, supra.* It stated that the judge erred as a matter of law in applying the incorrect statute of limitations.[4] Further, the court stated that certain findings with respect to the issue of prejudice were not

---

[3]"Where an employee suffers two or more compensable injuries that are causally related to a resulting incapacity, only one insurer is chargeable for the payment of compensation for the same disability. The successive insurer rule provides that the insurer covering the risk at the time of the most recent injury that bears causal relation to the disability claimed must pay the entire compensation." *Pilon's Case,* 69 Mass. App. Ct. 167, 169 (2007).

[4]Prior to January 1, 1986, there was a one-year limit for filing claims. After that date, a four-year limit for filing of claims was instituted. See G. L. c. 152, § 41, as amended through St. 1985, c. 572, § 50.

The date of the employee's injury listed in his claim against Borjohn is November 11, 1984, the last day that he worked for that company. The statute of limitations in effect on the date of the injury, and not the date of the onset of the disability, controls. See *Squillante's Case,* 389 Mass. 396, 397 (1983) ("Where an employee's injury results from a gradual exposure to harmful foreign matter the date of the injury is the date of exposure to the foreign matter"). See also St. 1985, c. 572, § 65 (making the change in the statute of

"sufficiently specific, detailed, and definite." *Ibid.* Therefore, the matter was remanded to the department for further proceedings consistent with the court's memorandum and order.

2. *The administrative judge's decision after remand.* On remand, the administrative judge applied the one-year statute of limitations. The judge ruled that the employee had received a definite diagnosis of berylliosis on January 2, 1997, and that the employee had timely filed his claim for benefits on March 28, 1997, within the one-year statute of limitations. The judge, however, also noted that if the employee did learn in 1993 that he had berylliosis, the statute was tolled because there was ample justification for his conduct in not filing the claim until 1997. Finally, the judge ruled that, in any event, the employer and Centennial did not suffer any prejudice by the employee's delay in filing the claim. The judge also made specific, detailed findings as to the lack of prejudice.

3. *The board's decision.* The board ruled that the 1993 diagnosis of "[i]nterstitial lung disease, likely secondary to berylliosis," gave sufficient notice to the employee of the probability of a causal relationship between his work and the likely diagnosis of berylliosis. The board disagreed with the judge's decision as to the tolling of the one-year statute of limitations. It ruled, however, that the employee had affirmatively shown that there was no prejudice to the employer, thereby allowing the late claim filing and notice.

*Discussion.* The only issue on appeal is whether Centennial suffered prejudice as a result of the employee's filing his claim beyond the statutory limitations period and failing to give timely notice. We may set aside or modify the decision of the board if the decision is, among other things, "[b]ased on an error of law," "[m]ade upon unlawful procedure," or "[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." G. L. c. 30A, § 14(7)(*c*), (*d*), (*g*). *Robinson's Case*, 416 Mass. 454, 457 (1993).

limitations effected by St. 1985, c. 572, § 50, "substantive in character" for purposes of G. L. c. 152, § 2A, which in turn provides that substantive amendments "shall apply only to personal injuries occurring on and after the effective date of such act").

Therefore, the employee's claim is subject to the one-year statute of limitations, and not the four-year statute of limitations that was applied by the administrative judge.

At the time of the employee's injury, G. L. c. 152, § 41, pro-
vided a one-year statute of limitations for filing workers' compen-
sation claims. See note 4, *supra*. In addition, § 41 required that
notice of an injury be provided to the insurer or the insured "as
soon as practicable after the happening thereof." When there is
no evidence of any mistake or other reasonable cause for delay,
the right of an employee to maintain a workers' compensation
claim beyond the limitations period or in contravention of the
notice requirements "depends upon proof of lack of prejudice on
the part of the insurer by reason of the failure to give notice and
to make claim seasonably." *Tassone's Case*, 330 Mass. 545, 548
(1953). The statutory exclusions to the limitations period and to
the notice requirement existing at the time of the employee's
injury are found in G. L. c. 152, §§ 44 and 49. Section 44 pro-
vides, in relevant part:

> "Want of notice shall not bar proceedings, if it be shown
> that the insurer, insured or agent had knowledge of the
> injury, or if it is found that the insurer was not prejudiced
> by such want of notice."

Section 49, before its amendment in 1985,[5] provided, in per-
tinent part:

> "Failure to make a claim within the time fixed by section
> forty-one shall not bar proceedings under this chapter if it
> is found that it was occasioned by mistake or other reason-
> able cause, or if it is found that the insurer was not
> prejudiced by the delay."

"The burden of proving lack of prejudice with respect to both
the failure to give notice and the delay in presenting the claim
[rests with] the claimant." *Russell's Case*, 334 Mass. 680, 682
(1956). Prejudice to the insurer usually takes one of two forms.
First, the insurer may be "prejudiced by the employee's failure to
receive prompt medical care which causes his condition to deter-
iorate." *Pena's Case*, 5 Mass. App. Ct. 451, 455 (1977). Second,
the insurer may be prejudiced if it was "unable to conduct a

---

[5]As with the amendment to G. L. c. 152, § 41 (see note 4, *supra*), the 1985
amendment to § 49 was made effective only for personal injuries occurring
on or after January 1, 1986. See St. 1986, c. 662, § 54.

thorough investigation and procure evidence on the question whether 'there was a causal connection between the employment and the injury.' " *Ibid.*, quoting from *Zabec's Case*, 302 Mass. 465, 467 (1939). "This type of prejudice most frequently arises when the employee's injury is caused by a single incident. . . . In such circumstances 'the rights of the insurer might be impaired if it were kept in ignorance of [the] occurrence and so prevented from conducting an investigation to determine whether such an event had in fact taken place and, if it had, to ascertain all the attending circumstances, including an inquiry as to whether there was a causal connection between the employment and the injury and between the injury and the disability.' " *Pena's Case, supra* at 455-456, quoting from *Zabec's Case, supra* at 467. We agree with the board that Centennial did not suffer prejudice under either theory.

Berylliosis is a progressive, incurable, and ultimately fatal disease. The employee sought medical treatment immediately after experiencing symptoms, and continually thereafter until filing his claim. His condition was chronic and terminal. Therefore, if Centennial had been able to examine the employee in 1993 rather than in 1997, it could not have prevented or alleviated the injury. See *Davidson's Case*, 338 Mass. 228, 232 (1958) ("Since it does not appear that [the employee's] ailment could have been cured or the complications prevented had prompt notice of the injury been given, there is no evidence that the insurer has been prejudiced in this respect").

As for Centennial's ability to investigate causation, the employee's injury was not of a type that would render earlier investigation useful to the insurer. As in earlier cases where no prejudice was found, the employee's injury here came about as a result of a well-known occupational hazard rather than a single incident. See *Tassone's Case*, 330 Mass. at 548-549 (use in shoe industry of cement causing dermatitis); *Charron's Case*, 331 Mass. 519, 521 (1954) (asbestosis). The record establishes, and the administrative judge found, that the president of Borjohn at the time of the employee's injury was aware of the dangers of exposure to beryllium dust, which he acknowledged in his testimony. The administrative judge further found that beryllium dust was unquestionably present at Borjohn during the employee's

tenure. Thus, an earlier investigation would not have been of assistance to Centennial in refuting that fact.[6]

Centennial also argues that because of the employee's late filing of the claim, certain records of Borjohn and Northeast were not available to it. Those records, according to Centennial, covered the relevant periods when the employee was employed at Borjohn and Northeast. We reject that argument.

All of Borjohn's employment and work records were seized by the Federal Bureau of Investigation in 1987, and were not returned. Therefore, those records were equally unavailable in 1993, the time when the board ruled that the employee should have filed his claim, as they were in 1997 when the employee did file his claim.

Centennial claims that it could not examine Northeast's records for the time period when the employee was employed by that company because they were "destroyed." There is nothing in the record to support that allegation. In fact, the record suggests that the documents may not have existed at all. In any event, in view of the rulings by the administrative judge, the board, and this court rejecting Centennial's argument that Northeast was liable for the employee's injury, the fact that records were not available, for whatever reason, is not relevant to the issue of prejudice.

*Conclusion.* The board properly affirmed the decision of the administrative judge.[7] The decision of the reviewing board is affirmed.

*So ordered.*

---

[6]We note that in its earlier appeal to this court, Centennial claimed that Northeast was liable for the employee's disease. The court, in its 1:28 memorandum and order, described that argument (among others) as being entirely without merit. *Fantasia's Case, supra.* Centennial may not retool its liability argument under the guise of "prejudice." See *King* v. *Driscoll,* 424 Mass. 1, 7-8 (1996).

[7]Our conclusion that the board correctly ruled that the employee was entitled to file his claim late makes it unnecessary for us to consider the propriety of the board's ruling that the 1993 diagnosis placed the employee on notice of his claim.